*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

In re

**GAYL E. KEARNS,**

Debtor.

Case No. **20-20252-BPH**

## MEMORANDUM OF DECISION

### INTRODUCTION

In this Chapter 7 bankruptcy, Debtor and American Honda Finance Corporation ("Creditor") entered into a reaffirmation agreement that was filed with the Court on January 13, 2021, at ECF No. 7 ("Agreement"). According to the Agreement, Debtor seeks to reaffirm a debt with Creditor in the principal amount of $9,957.92 that stems from a "Lease Agreement" ("Lease") for a 2019 Acura Mdx, VIN No. 5J8YD7H72KL000733 ("Acura").

Section 524(c)[1] of the Bankruptcy Code allows a debtor to voluntarily "reaffirm" their personal liability for a debt, and such debts are not discharged. Section 365(p) permits the assumption of a personal property lease by individual debtors in Chapter 7 cases. To afford the Debtor an opportunity to clarify whether she was seeking relief under § 524(c) or § 365(p), the Court entered an Order at ECF No. 8 setting the matter for hearing.[2] A telephonic hearing was

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Over the last 12 months, the incidence of reaffirmation agreements accompanied by leases has increased. The analysis included in this memorandum has been expressed at prior hearings on the record, but is provided in this memorandum to assist other practitioners in this District.

1

held on February 3, 2021.

At the hearing, Debtor's counsel explained that when his clients engage in post-petition efforts to assume a lease, his strong preference is to obtain the Court's approval by submitting a reaffirmation agreement related to the lease sought to be assumed. Debtor's counsel indicated that the only communication between Debtor and Creditor consisted of a letter from Creditor enclosing a proposed reaffirmation agreement related to the Lease. The Court acknowledged Debtor's counsel's preference in obtaining judicial approval in this case but indicated that § 365(p) is applicable when assuming a personal property lease in a chapter 7 case.

## ANALYSIS

"When the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). The plain language of §365(p) and § 524(c) describe two separate processes: one for the reaffirmation of otherwise dischargeable debts and one for the assumption of personal property leases by a debtor. For the reasons stated below, this Court determines that §§ 524(c) and 365(p) each serve discrete purposes that are independent from the other. Accordingly, it declines to permit Debtor to utilize the reaffirmation process set forth in § 524(c) to assume the Lease.

**I.     Section 524(c).**

In chapter 7 cases, a debtor is typically "discharge[d]…from all debts that arose before the date of the order for relief" when a bankruptcy proceeding ends. § 727(b). However, § 524(c) provides "a limited exception to that rule by allowing an agreement 'based on a debt that is dischargeable' to be reaffirmed and thus remain enforceable after discharge." *Bobka v. Toyota Motor Credit Corp.*, 968 F.3d 946, 950 (9th Cir. 2020) (quoting § 524(c)). "Because

reaffirmation agreements are contrary to the stated goal of a debtor receiving a fresh start, they are subject to intense judicial scrutiny and must comply with all statutory requirements." *In re Ebbrecht*, 451 B.R. 241, 243 (Bankr. E.D.N.Y. 2011). For example, reaffirmation agreements must be filed and approved by the court prior to its granting of discharge. § 524(c)(1). Additionally, courts must ensure that a debtor bound by a reaffirmation agreement is aware of the legal consequences associated with the agreement and, if a debtor is *pro se*, ensure that the agreement does not impose an undue hardship on the debtor and is in their best interest. § 524(c)(2)–(6). Such statutory requirements appear nowhere in § 365(p).

## II.    Section 365(p).

Section 365(p) was added to the Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCA") "to fill a void in the existing law by providing a vehicle for a debtor to assume leases of personal property not assumed by a chapter 7 trustee." *In re Anderson*, 607 B.R. 133, 136 (Bankr. D. Mass 2019). Section 365(p)(2) describes a consensual procedure for the assumption of a personal property lease by a debtor that begins with the debtor transmitting a written offer to assume the lease obligations to the lessor. § 365(p)(2)(A). The Code does not require that this offer be transmitted within any specific time frame. Upon receipt, the lessor then decides whether to accept the offer. *Id.* Again, the Code does not impose a temporal requirement for it to do so. If the lessor chooses to assume the lease, it then notifies the debtor that it is willing to permit the debtor to assume the lease "and may condition such assumption on cure of any outstanding default on terms set by the contract." *Id.* "If, not later than 30 days after notice is provided under [§365(p)(2)(A)], the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate." § 365(p)(2)(A).

3

Unlike the reaffirmation procedure outlined in § 524(c), the lease assumption procedure set forth in § 365(p) requires no judicial involvement. The statute does not place any responsibility on the court to ensure that, for example, assumption of the lease is in the debtor's best interest or that it does not impose an undue hardship on the debtor. Those determinations are left to the parties. The absence of any reference to judicial involvement or to rigid timing requirements in the text of § 365(p) is telling. It suggests that "[h]ad Congress intended the lease assumption and reaffirmation agreement provisions of the Bankruptcy Code to be interchangeable, it would have said so, but it has not." *Ebbrecht*, 451 B.R. at 247. As the Ninth Circuit has observed, if the Code were to require a reaffirmation agreement before a lease assumption becomes effective, "it is difficult to see how section 365(p)(2) serves any purpose." *Bobka*, 968 F.3d at 952. Absent any indicia of congressional intent to permit debtors to assume leases according to the procedures set forth in § 524(c), this Court is reluctant to do so.

In this case, the filing of the Agreement, the evidence in the record, and the statements made at the hearing clearly establish that both Debtor and Creditor wish to remain bound by the terms of the Lease. Debtor's counsel represented that Debtor wishes to continue to perform and make payments under the Lease and Creditor's transmission of a proposed reaffirmation agreement indicates that it has no objection to her doing so.[3] However, the procedure (i.e. compliance with § 524(c)) utilized by the parties to accomplish their collective goal of assumption was unnecessary. Instead, the provisions of § 365(p) are applicable. Accordingly, approval of the Agreement cannot occur under § 524(c).

---

[3] Although the Court has taken the additional step in this case of analyzing the intent of the parties in this case, and concluding that their efforts are in furtherance of assumption under § 365(p), it is not likely to take this additional step in the future when presented with a reaffirmation agreement based upon a personal property lease that is subject to assumption under § 365(p).

## CONCLUSION

For the reasons stated above, the Court will enter a separate order denying approval of the Agreement between Debtor and Creditor.

Dated: February 12, 2021.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana